# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

AMBER ZVOLENSKY,

    Plaintiff,

    v.

JUSTIN BUTLER,

    Defendant.

CIVIL ACTION NO. 3:23-CV-01722

(SAPORITO, J.)

## <u>MEMORANDUM</u>

This is a federal civil rights action. In her second amended complaint (Doc. 25), the plaintiff, Amber Zvolensky, alleges that Justin Butler of Scranton's Police Department violated her civil rights in connection with an allegedly unlawful seizure of her person and her subsequent arrest for recklessly endangering the welfare of a child. The matter is now before the court on a motion to dismiss by the defendant. (Doc. 26). The parties have fully briefed the matter (Doc. 29; Doc. 30; Doc. 31).

## I.    Background[1]

In her second amended complaint, the plaintiff alleges that on February 17, 2022, she was visiting her husband, Mark Zvolenksy, at his residence located at 2132 Dorothy Street, in Scranton, Pennsylvania. The plaintiff alleges she did not reside at the location. The plaintiff and Mr. Zvolensky attempted to move their vehicle while their two-year-old child sat on the porch of the residence. At some point, Mr. Zvolensky started his car and began to back it up. The child, however, unbeknownst to the plaintiff or Mr. Zvolensky, had left the porch and wandered behind the vehicle. The child was then struck by the car. The Scranton Police Department arrived on the scene and followed the plaintiff and Mr. Zvolensky to the hospital where the child was treated. Unfortunately, the child died only a few hours later.

The Lackawanna County Office of Youth and Family Services (CYS) investigated the plaintiff for wrongdoing in the death of her child, but closed its case on May 10, 2022. However, on June 22, 2022, the defendant arrested the plaintiff for recklessly endangering the welfare of her child.

---

[1] All facts are taken from the plaintiff's second amended complaint. (Doc. 25).

Mr. Zvolensky was subsequently arrested on that same date for the child's death.

The plaintiff alleges that she was arrested without probable cause, contending she was arrested to force Mr. Zvolensky to plead guilty to two separate charges: (1) charges from his June 22, 2022, arrest; and (2) charges arising from a previous arrest on February 18, 2022, for furnishing drug free urine and obstruction of administration of law.[2] The plaintiff further contends that she was told throughout a multitude of preliminary hearings that her arrest, and subsequent prosecution, stemmed from keeping pressure on Mr. Zvolensky. For example, she alleges that she was advised "the Scranton Police Department would withdraw the criminal charges against the Plaintiff if [her] husband pled guilty to the charges of killing his minor child." (Doc. 25, ¶ 19). Her preliminary hearing was continued from July 19, 2022, to November 1, 2022, to "keep pressure on Mark Zvolensky to finish his treatment." (*Id.*, ¶ 18). The plaintiff alleges that the Scranton Police Department and Lackawanna County District Attorney's Office conspired and agreed not

---

[2] These charges stemmed from the Scranton Police Department's request for a urine sample after being informed Mr. Zvolensky used illegal drugs.

to dismiss the charges against the plaintiff.[3] The criminal charges were ultimately dismissed against the plaintiff, however, on April 25, 2023. Mr. Zvolensky was then sentenced on April 26, 2023.

The plaintiff alleges she suffered extreme trauma, emotional stress, and depression from the loss of her child. She further alleges that her arrest by the defendant "amplified and aggravated" "the extreme loss of life of her child." (¶ 28). Moreover, she alleges that she was subjected to numerous harassment measures by CYS because of her arrest. The plaintiff has thus sued the defendant on four counts under 42 U.S.C. § 1983 in this action: (1) malicious prosecution; (2) malicious use and abuse of process; (3) false arrest; and (4) false imprisonment. (Doc. 25). The defendant has subsequently filed a motion to dismiss the plaintiff's second amended complaint in its entirety. (Doc. 26).

## II.    Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Moreover, "a motion to

---

[3] Neither the Scranton Police Department nor the Office of the District Attorney of Lackawanna County are parties to the second amended complaint.

dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.,* 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Courts may consider the facts alleged on the face of the complaint in addition to "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). While it must accept all allegations in the complaint as true, the Court does not have to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007)).

III.   **Discussion**

The plaintiff has asserted four different claims under 42 U.S.C. § 1983 against the defendant: (1) malicious prosecution; (2) malicious use and abuse of process; (3) false arrest; and (4) false imprisonment. (Doc. 25). Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or

the District of Columbia, subjects, or causes to be
subjected, any citizen of the United States or other
person within the jurisdiction thereof to the deprivation
of any rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party
injured in an action at law, suit in equity, or other proper
proceeding for redress….

42 U.S.C. § 1983. Section 1983 does not create substantive rights, but
instead provides remedies for rights established elsewhere. *City of
Oklahoma v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983 claim,
the plaintiff must establish that the defendants, acting under color of
state law, deprived the plaintiff of a right secured by the United States
Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir.
1995). To avoid dismissal for failure to state a claim, a civil rights
complaint must state the conduct, time, place, and persons responsible
for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353
(3d Cir. 2005).

The defendant has moved to dismiss each count for a failure to state
a claim. (Doc. 26). We shall analyze each of the plaintiff's claims
individually. We must note, however, that the plaintiff has asserted all
claims in violation of her Fourth, Fifth, and Fourteenth Amendment
rights. As set forth below, many of these claims are incorrectly pled, and

thus, we must dismiss those claims with prejudice.[4]

### A.    Malicious Prosecution

The plaintiff alleges malicious prosecution claims under § 1983 in violation of her Fourth, Fifth, and Fourteenth Amendment rights. Before we look at the merits of each party's contention, however, we must briefly note that the plaintiff has failed to provide any support that the Fifth Amendment provides a claim for malicious prosecution. Therefore, we will dismiss the claim with prejudice without further analysis.

Nonetheless, the plaintiff additionally alleges a malicious prosecution claim under § 1983 in violation of her Fourth Amendment rights. To prove malicious prosecution under § 1983 for a Fourth Amendment violation, a party must show that:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff

---

[4] The plaintiff's complaint makes difficult our ability to ascertain exactly which of the plaintiff's facts pertain to each of the plaintiff's claims. When read broadly, the complaint makes plausible some of the plaintiff's claims at the pleading stage. Nonetheless, we must additionally note that the factual support relied upon for those claims at this stage is tenuous at best, and thus, the plaintiff must provide significantly more support for her claims to survive at the summary judgment stage.

suffered a deprivation of liberty consistent with the
concept of seizure as a consequence of a legal proceeding.

*Est. of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003). *See also*

*DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005). The

defendant argues that the Court should dismiss the plaintiff's claim for

failure to allege a deprivation of liberty consistent with a seizure. (Doc.

29). Moreover, the defendant argues that even if the plaintiff has

adequately alleged a deprivation of liberty consistent with a seizure, the

defendant is protected by qualified immunity and thus, the plaintiff's

claim should be dismissed.

The plaintiff has alleged various deprivations of liberty throughout

her complaint, many of which do not constitute a deprivation for purposes

of her malicious prosecution claim. *See generally* (Doc. 25). For example,

the plaintiff argues that she "was falsely held against her will" and "also

deprived of her liberty." (Doc. 25, ¶¶ 38, 39). These allegations, however,

constitute "threadbare recitals of a cause of action" that fail to "state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 663 (2009) (quoting *Iqbal v. Twombly*, 550 U.S. 544, 555–56 (2007)).

Without any additionally supporting facts, we cannot discern the

plaintiff's alleged seizure and her alleged liberty deprivation. Moreover,

it appears that the plaintiff argues her participation in preliminary hearings consists of a valid deprivation of liberty. *See* (Doc. 25, ¶¶ 17, 24, 25, 30). Nonetheless, courts have held that attendance at preliminary hearings does not qualify as a seizure for purposes of malicious prosecution claims. *See Basile v. Twp. of Smith*, 752 F. Supp. 2d 643, 659 (W.D. Pa. 2010) (holding that pre-trial proceedings, including attendance at hearings, are not seizures within the meaning of the Fourth Amendment); *McCormack v. Livergood*, 353 F. Supp. 3d 357, 368 (M.D. Pa. 2018) (reiterating that appearances at court proceedings do not amount to a deprivation of liberty under the Fourth Amendment).

In turn, the plaintiff's only viable contention of a seizure lies in her arrest allegation, as the Supreme Court has consistently reiterated that "the arrest of a person is quintessentially a seizure." *Torres v. Madrid*, 592 U.S. 306, 312 (2021) (quoting *Payton v. New York*, 445 U.S. 573, 585 (1980)). The defendant has moved to dismiss the plaintiff's claim on the basis that the "[p]laintiff has failed to show that she suffered a deprivation of liberty for purposes of a malicious prosecution claim" because "she has failed to allege that she was taken into custody at any point prior to the time that charges were lodged against her." (Doc. 29, at

28). The plaintiff alleges that she was arrested on June 22, 2022, (Doc. 25, ¶ 15), and at some point she "was falsely held against her will." (*Id.,* ¶ 34). Indeed, while the defendant may disagree with the plaintiff's allegations,[5] at the pleading stage we must simply determine whether the plaintiff's allegations can "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). We find here that plaintiff's allegations have raised that reasonable expectation and thus, the plaintiff has provided sufficient information to sustain her malicious prosecution claim in violation of the Fourth Amendment at the pleading stage.

Even so, the defendant additionally maintains that he is entitled to qualified immunity for the plaintiff's malicious prosecution claims based on probable cause. (Doc. 29, at 31, 46). We acknowledge that a police officer who "reasonably but mistakenly conclude[s] that probable cause is present" is entitled to qualified immunity. *See Hunter v. Bryant*, 502

---

[5] The defendant maintains that the plaintiff was never subjected to any custodial detention for purposes of her claims. (Doc. 31, at 3).

U.S. 224, 227 (1991). Nonetheless, the Third Circuit has cautioned, "it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." *Newland v. Reehorst*, 328 F. App'x 788, 791 n.3 (3d Cir. 2009) (per curiam). For that reason, taking the allegations of the complaint as true and viewing them in the light most favorable to the plaintiff, we find that dismissal of the plaintiff's claim is inappropriate at this time.

The plaintiff, however, additionally pleads malicious prosecution under § 1983 in violation of the Fourteenth Amendment. This claim requires an independent analysis. "[T]he status of a Fourteenth Amendment right to be free from malicious prosecution is murky." *Crosland v. City of Philadelphia*, 676 F. Supp. 3d 364, 375 (E.D. Pa. 2023). The Supreme Court ruled in *Albright v. Oliver*, 510 U.S. 266 (1994), that malicious prosecution claims could not fall within substantive due process. *Id.* at 272. It reasoned that because "[t]he protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity," they did not fit neatly for a "claim to be free from prosecution

except on the basis of probable cause." *Crosland*, 676 F. Supp. 3d at 375 (quoting *Albright*, 510 U.S. at 272). However, it "did not address whether such a claim could fall under the Fourteenth Amendment's procedural due process protections because 'the only deprivation of life, liberty or property [in the case], if any, consisted of petitioner's pretrial arrest.'" *Id.* (quoting *Albright*, 510 U.S. at 272 (Scalia, J., concurring)).

Since the *Albright* decision, the Third Circuit has yet to definitively provide an answer on whether malicious prosecution claims can find support under the Fourteenth Amendment. Some cases within the Third Circuit have implied a § 1983 malicious prosecution claim can be found in the Fourteenth Amendment. *See Torres v. McLaughlin*, 163 F.3d 169, 172 (3d Cir. 1998) ("*Albright* stands for the broader proposition that a section 1983 claim may be based on a constitutional provision other than the Fourth Amendment. However, we note that *Albright* commands that claims governed by explicit constitutional text may not be grounded in substantive due process."); *see also Washington v. Hanshaw*, 552 F. App'x 169, 174 n.3 (3d Cir. 2014) ("Our cases interpreting *Albright* have suggested that § 1983 malicious prosecution claims may be predicated on constitutional provisions other than the Fourth Amendment, such as

procedural due process."). Other cases, however, have rejected that notion. *See Halsey v. Pfeiffer,* 750 F.3d 273, 290 n.14 (3d Cir. 2014) (citing *Gallow v. City of Philadelphia*, 161 F.3d 217 (3d Cir. 1998)) (identifying that "Supreme Court case law leaves only the Fourth Amendment as [a] potential source of malicious prosecution claims.").[6]

Nevertheless, regardless of the uncertainty surrounding whether malicious prosecution claims can be grounded in procedural due process, courts have ruled that qualified immunity applies in similar situations as procedural due process rights against malicious prosecution are not clearly established; government officials are only immune from personal liability under qualified immunity for conduct concerning clearly

---

[6] Many courts have acknowledged that the Third Circuit appears to support a potential Fourteenth Amendment malicious prosecution claim based on its ruling in *Halsey*, where it draws a line between the Fourth Amendment's protections and the Fourteenth Amendment's protection. *Halsey*, 750 F.3d at 291 ("[T]he Fourth Amendment forbids a detention without probable cause … But this protection against unlawful seizures extends only until trial … The guarantee of due process of law, by contrast, is not so limited as it protects defendants during an entire criminal proceeding through and after trial."); *See Thomas v. City of Philadelphia*, 290 F. Supp. 3d 371, 382 (E.D. Pa. 2018) (stating that the Third Circuit's distinction "suggests that a procedural due process right against malicious prosecution may exist"); *Crosland*, 676 F. Supp. 3d at 376 (noting that "there is significant theoretical support for [a procedural due process right against malicious prosecution]").

established constitutional rights. *See Ogrod v. City of Philadelphia*, 598 F. Supp. 3d 253, 266 (E.D. Pa. 2022) (holding that the defendants were entitled to qualified immunity as "between 1992 and 1996 ... it was not clearly established that the Fourteenth Amendment provided for procedural due process rights against malicious prosecution."); *Thomas*, 290 F. Supp. 3d at 380 ("[A]ny procedural due process right is not (and was not at the relevant time) clearly established, meaning that the officers are entitled to qualified immunity...."); *McCormack*, 353 F. Supp. 3d at 364 (ruling that the defendant officer was "entitled to qualified immunity with respect to [the] plaintiff's malicious prosecution claim under the Fourteenth Amendment procedural due process clause."). In short, even if a procedural due process right against malicious prosecution exists, the defendant is still entitled to qualified immunity because this right is not clearly established. For this reason, we shall dismiss the plaintiff's malicious prosecution claim based upon the Fourteenth Amendment.

## B.    Malicious Abuse of Process

The plaintiff next alleges malicious abuse of process under § 1983 in violation of her Fourth, Fifth, and Fourteenth Amendment rights. A

malicious abuse of process claim, however, is founded in the Fourteenth Amendment's Due Process Clause. *Cook v. Tustin,* No. CV 24-0431, 2024 WL 3460112, at *9 (E.D. Pa. July 18, 2024) (citing *Jennings v. Shuman*, 567 F.2d 1213, 1220 (3d Cir. 1977)) ("An abuse of process is by definition a denial of procedural due process."). Therefore, the plaintiff's claims concerning violations of the Fourth and Fifth Amendment will be dismissed with prejudice. "[A] section 1983 claim for malicious abuse of process lies where prosecution is initiated legitimately and thereafter is used for a purpose other than intended by law." *Id.* (citing *Rose v. Bartle*, 871 F.2d 331, 350 n.17 (3d Cir. 1989)). Courts have held "[w]hen process is used to effect an extortionate demand, or to cause the surrender of a legal right, or is used in any way not so intended by proper use of the process, a cause for abuse of process can be maintained." *Bristow v. Clevenger*, 80 F. Supp. 2d 421, 423 (M.D. Pa. 2000) (citing *Brown v. Johnston*, 675 F. Supp. 287, 290 (W.D. Pa. 1987)).

We first note that the plaintiff's malicious prosecution and malicious abuse of process claims appear contradictory. An abuse of process claim arises when a prosecution is initiated *legitimately* while a malicious prosecution claim arises with the *wrongful initiation* of the

legal process. *See Napier v. City of New Castle,* No. 06-1368, 2007 WL 1965296, at *6 (W.D. Pa. July 3, 2007), *aff'd*, 407 F. App'x 578 (3d Cir. 2010) ("[A] claim for abuse of process differs from a malicious prosecution claim in that a malicious prosecution claim has to do with the wrongful initiation of the legal process, i.e., without probable cause and with a bad motive, whereas an abuse of process arises when a prosecution is initiated legitimately but thereafter is used for a purpose other than intended by law."). Nonetheless, when a party alleges both claims, courts have viewed them as alternative counts rather than dismissing them for their contradictory nature. *See Cook,* 2024 WL 3460112, at *10 (citing Fed. R. Civ. P. 8(d)) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). We shall therefore view the plaintiff's abuse of process claim as an alternative count.

The plaintiff, assuming her prosecution was initiated legitimately for purposes of her claim, alleges that her proceedings were used solely

to "put pressure" on her husband, Mark Zvolensky, and force him to plead guilty to his charges. (Doc. 25, ¶ 18). She alleges at various points that unidentified representatives of the Scranton Police Department conveyed to her that they would withdraw the charges against her if her husband pled guilty to the charges of killing his minor child. *See, e.g.,* (*Id.*, ¶ 19). Her charges would officially be dismissed, she contends, when Mr. Zvolensky was sentenced. (*Id.*, ¶ 21). While "[i]ncidental motive[s] or spite[s] or ulterior purpose[s]" are not conclusive in showing a misuse or process, *Napier*, 407 F. App'x at 582 (citations and quotations omitted), "[c]ourts have held that when process is used to effect an extortionate demand … or is used in any other way not so intended by proper use of the process, a cause of action for abuse of process can be maintained." *Bristow*, 80 F. Supp. 2d at 431. We find that the plaintiff's allegations sufficiently make plausible the existence of actions used for a purpose other than intended by law. Indeed, "[t]he usual case of abuse of process is one of some form of extortion, using the process to put pressure upon [the accused] to … take some other action or refrain from it." *Cook,* 2024 WL 3460112, at *9 (citing Restatement (Second) of Torts § 682 (1977)). We hold that this rationale additionally applies to those abusing process

to put pressure upon an additional party to take or refrain from any action, as the plaintiff has alleged in her complaint. For this reason, we find that the plaintiff has sufficiently alleged an abuse of process claim under § 1983 in violation of her Fourteenth Amendment rights.

Nonetheless, the defendant contests that even if the plaintiff can successfully plead an abuse of process claim, he is still protected by qualified immunity. (Doc. 29). We have already found that the plaintiff has sufficiently alleged a violation of her rights under the Fourteenth Amendment for purposes of her abuse of process claim. For qualified immunity to apply to the defendant, we must find that this right was "clearly established." *Ogrod*, 598 F. Supp. 3d at 266. In other words, that right must have been one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). Nonetheless, as we noted above, an analysis of qualified immunity at the pleading stage is often "in tension with the reality that factual disputes often need to be resolved before determining whether [a] defendant's conduct violated a clearly established right." *Martin-McFarlane v. City of Philadelphia*, 299 F. Supp. 3d 658, 669 (E.D.

Pa. 2017) (citing *Curley v. Klem*, 298 F.3d 271, 277–78 (3d Cir. 2002)).

Therefore, the resolution of the issue of qualified immunity is premature

at this stage. *Id.* (citing *Curley*, 298 F.3d at 278) (noting that a decision

on qualified immunity is "premature when there are unresolved disputes

of historical facts relevant to the immunity analysis."). Thus, we must

dismiss the defendant's motion on this claim.

### C.    False Arrest

The plaintiff alleges false arrest claims under § 1983 in violation of

her Fourth, Fifth, and Fourteenth Amendments. False arrest claims

under § 1983 are grounded in the Fourth Amendment guarantee against

unreasonable searches, not the Fifth and Fourteenth Amendments. *See*

*Garcia v. Cty. of Bucks, PA*, 155 F. Supp. 2d 259, 265 (E.D. Pa. 2001)

(citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995));

*see also Berg. v. County of Ellegheny*, 219 F.3d 261, 269 (3d Cir. 2000)

("The Fourth Amendment prohibits arrest without probable cause."). We

will thus dismiss the plaintiff's alleged-false arrest claims in violation of

her Fifth and Fourteenth Amendments rights with prejudice. To

maintain a false arrest claim in violation of the Fourth Amendment, "a

plaintiff must show that he or she was arrested and the arresting officer

'lacked probable cause to make the arrest.'" *Stevens v. Sullum*, No. CV 3:20-1911, 2021 WL 2784817, at *8 (M.D. Pa. July 2, 2021) (quoting *Garcia*, 155 F. Supp. 2d at 265). Indeed, we need not undertake a significant analysis on the plaintiff's false arrest claim. We have held above that the plaintiff has alleged sufficient facts to make plausible that she was arrested without probable cause. *See* (Doc. 25, ¶ 15) (alleging that the plaintiff was arrested on June 22, 2022, without probable cause). Moreover, we have additionally articulated that while the defendant may disagree on those facts, we must only analyze whether the plaintiff's allegations "raise a reasonable expectation that discovery will reveal evidence of" those claims." *Phillips*, 515 F.3d at 234. Here, we have found that the plaintiff has done so and has therefore pled sufficient facts for her false arrest claim in violation of the Fourth Amendment.

We must briefly address the defendant's contention that he is entitled to qualified immunity under this claim based on probable cause. (Doc. 29, at 31, 46). As we held in the plaintiff's malicious prosecution claim, while we acknowledge that a police officer who "reasonably but mistakenly conclude[s] that probable cause is present" is entitled to qualified immunity, *see Hunter*, 502 U.S. at 227 (1991), we must reiterate

that Third Circuit has cautioned, "it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." *Newland*, 328 F. App'x at 791 n.3. Therefore, taking the allegations of the complaint as true and viewing them in the light most favorable to the plaintiff, we find that dismissal of the plaintiff's claim under qualified immunity is inappropriate.

### D.    False Imprisonment

The plaintiff alleges false imprisonment claims under § 1983 in violation of her Fourth, Fifth, and Fourteenth Amendment rights. Similar to a false arrest claim, a false imprisonment claim is additionally grounded in the Fourth Amendment. *Garcia*, 155 F. Supp. 2d at 265 (citing *Groman*, 47 F.3d at 636). We will thus dismiss the plaintiff's alleged-false imprisonment claims with prejudice in violation of her Fifth and Fourteenth Amendments. To state a false imprisonment claim under the Fourth Amendment, a plaintiff must establish: "(1) that she was detained; and (2) that the detention was unlawful." *James v. City of Wilkes-Barre*, 700 F.3d 675, 682–83 (3d Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)). The defendant has moved to dismiss the

plaintiff's false imprisonment claim on the same basis as the plaintiff's malicious prosecution and false arrest claims by arguing that the plaintiff was never subjected to any custodial detention for purposes of her claims. (Doc. 31, at 3). Nonetheless, as we have held in those same contested claims, we find that the plaintiff has alleged sufficient facts to make plausible that she was unlawfully detained. Indeed, the plaintiff has alleged that she was "confined against her will," "imprisoned," and "incarcerated" at some point in time. (Doc. 25, ¶¶ 56, 57). Although the plaintiff has not provided all the details of the alleged imprisonment at the pleading stage, the plaintiff only needs to allege facts to make plausible her false imprisonment claim. We find that she has done so here. Moreover, the defendant's request for dismissal on the basis of qualified immunity proves premature for the same reasons that we have previously articulated. We will deny the defendant's motion to dismiss on qualified immunity grounds because it is premature at this stage.

### E.    Declaratory Judgment

The defendant moves to dismiss the plaintiff's requested declaratory judgment that defendant Butler violated her rights under the United States Constitution. We will grant the defendant's request for two

reasons. First, as the defendant notes, a declaratory judgment is unavailable "solely to adjudicate past conduct" or to "proclaim that one party is liable to another." *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006). Here, the plaintiff has attempted to seek a declaration concerning defendant Butler's past actions. Second, the plaintiff has failed to address the defendant's contention concerning her request for a declaratory judgment and thus, the plaintiff has waived these claims. *See, e.g., Carrol v. Lancaster Cnty.*, 301 F. Supp. 3d 486, 511–12 (E.D. Pa. 2018) (finding claims and arguments to be abandoned due to a failure to respond to those made in opposition).

## IV.    Conclusion[7]

For these reasons, the defendant's motion will be granted in part and denied in part.

The plaintiff's following claims will be dismissed with prejudice as leave to amend would be futile: (1) malicious prosecution in violation of the Fifth and Fourteenth Amendments; (2) malicious use and abuse of

---

[7] The defendant additionally argues that the plaintiff's claim for injunctive relief is moot. (Doc. 29, at 23); (Doc. 31, at 2). A review of the operative complaint reflects that the plaintiff has not requested injunctive relief. *See generally* (Doc. 25).

process in violation of the Fourth and Fifth Amendments; (3) false arrest in violation of the Fifth and Fourteenth Amendments; (4) false imprisonment in violation of the Fifth and Fourteenth Amendments; and (5) the plaintiff's request for a declaratory judgment.

We will allow the following claims to proceed: (1) malicious prosecution in violation of the Fourth Amendment; (2) malicious use and abuse of process in violation of the Fourteenth

Amendment; (3) false arrest in violation of the Fourth Amendment; and (4) false imprisonment in violation of the Fourth Amendment.

An appropriate order follows.

Dated: March 25, 2025             _s/Joseph F. Saporito, Jr._
                                  JOSEPH F. SAPORITO, JR.
                                  United States District Judge